## JOHN BOYD, ADM'R, v. VILLAGE OF CAMBRIDGE.

1. ACTION AGAINST FOR DEATH FROM FALLING FROM BRIDGE HAVING NO RAILING.

Under sec. 6134, Rev. Stat., an action may be maintained against a municipal corporation, for negligently and wrongfully causing the death of one lawfully on a street, and who fell into the water from a bridge over a stream of water intersected by such street, and was drowned, where such bridge was maintained by such municipality without railings or guards of any kind to prevent persons lawfully thereon from falling into such stream.

2. SUCH ACTION DOES NOT ABATE UPON DEATH OF INJURED PARTY.

The rule that actions for injury to the person abate by the death of the party injured, has no application to such action.

ERROR to the Court of Common Pleas of Guernsey county.

Plaintiff below, plaintiff in error here, alleged in his third amended petition that he was the duly qualified administrator of the estate of Annie Laurie Burns, late of said county, who died August 25, 1888, leaving certain named next of kin surviving her; that defendant was a municipal corporation having the control of,

and being under duty to keep in reasonable repair, its streets and alleys; that on said day it maintained within its corporate limits, as a part of Second street, which had been opened for public travel by defendant, and across which flowed a natural stream of water, a certain bridge with its fills and approaches, which bridge was greatly used for public travel; that said bridge was negligently and carelessly constructed and maintained by said village without any siding, railing guards or safeguards of any kind whatever upon or about it or its approaches, to the danger of the lives of travelers upon the highway and of the intestate, all of which was known to the defendant; that on the said day, while said bridge was so maintained, plaintiff's intestate, aged 4 1-2 years, by reason of said lack of railing and the like, fell from the same into the water in the stream thereunder, and was drowned, without any fault on her part; and for this judgment was asked. A demurrer to this pleading was sustained, whereupon plaintiff inserted in this pleading, by way of amendment, an allegation that decedent was lawfully upon said bridge at the time of the accident. The defendant again demurred, but afterward without action on that demurrer answered, setting up three defenses, claimed to operate as general and specific denials, and as a plea of contributory negligence, to each of which defenses plaintiff demurred. The transcript of the record shows that after the filing of these papers the cause came on for "farther hearing upon the demurrer to the third·amended petition," which was sustained, and, as appears by the record, the plaintiff not wishing to plead further, judgment was rendered, dismissing his petition at his costs. No action on the demurrer to the answer is disclosed. The assignments of error relied upon are the sustaining of the last demurrer to the third amended petition, and the dismissal of the petition and rendering of judgment against plaintiff below.

LAUBIE, J.

This was an action for causing wrongful death, brought for the benefit of the next of kin. It appears from the record that a third amended petition was filed, and a demurrer to it sustained, whereupon leave was given to amend by inserting certain words to the effect that the decedent was lawfully traveling upon the highway at the time in question. The defendant again demurred to the third amended petition "and the amendment thereto," and by its counsel now claims that because the record shows the cause came on for "farther hearing upon the demurrer to the third amended petition," no disposition was made of the demurrer to the third amended petition as amended. But this criticism of the journal entry is of no moment, for the words "and the amendment thereto," inserted in the demurrer, are surplusage, as the words inserted in the third amended petition by way of amendment became a part of the petition, as much so as if written in there originally; and as there was no other demurrer of defendant on file undisposed of by action of the court, it is evident that it was the demurrer to the third amended petition as amended that was sustained by the court, and as to which error is assigned.

The record discloses that the defendant waived this demurrer by answering over; but the court below, disregarding this fact, went back and held that the petition as finally amended did not state facts sufficient to constitute a cause of action. This action of the court can be sustained only upon the theory that the petition as amended was fatally deficient in its averments, or that it did not show any injury or damage to the plaintiff.

The second assignment of error—the dismissal of the petition, etc.,—brings the whole record before us, so that in any aspect of the case the question is as to the sufficiency of the petition as finally amended.

As we understand it, the court below acted upon the assumption that the cause of action abated by reason of the death of the plaintiff's intestate, Annie Laurie Burns, upon the authority of Cardington v. Fredericks, 46 O. S., 442, the syllabus of which had just been published, and which, upon a casual examination was sup-

posed to control the case at bar. An examination of the text of that decision shows the contrary, we think, very clearly. That was an action against a village for damages for injury to the person of the plaintiff, pending which the plaintiff died; and it was held that by her death the action abated. It was not, at least originally, a case like this, for causing wrongful death, for which the statute, sec. 6134, provides a remedy. Had it been such a case as this, looking to the language of the opinion now published, the Supreme Court would not have held as it did, as this is a cause of action not known to the common law, but created by statute, and wherein to hold that it abates by the death of the party would make the statute nugatory,—would repeal it by judicial interpretation.

As to the sufficiency of the averments of the petition, we see nothing that is wanting, and it therefore follows that the court below erred. The court should have proceeded to determine the issue of law upon the demurrer to the answer. The statement in the entry, to which counsel attach some importance, that the plaintiff did not desire leave to further plead, has direct reference to pleading by way of petition, and does not refer to the matter of replying to the answer. It is, in fact, doubtful whether the answer calls for a reply. The answer seems to contain nothing but general and special denials. It is suggested that it pleads in one defense contributory negligence; but as the petition alleges that the plaintiff's intestate was without fault, the averment in the answer that she was guilty of contributory negligence is, perhaps, nothing more than a special denial of that averment, which would not, necessarily, call for a reply.

Judgment reversed and cause remanded for further proceedings.

J. M. Bushfield, for plaintiff in error.

Mathews & Heade, and Taylor & Scott, *contra.*